IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONNIE REESE, | ) | CASE NO. 4:21-cv-3282 |
| Plaintiff, | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| DEERE & COMPANY, | ) | |
| Defendant. | ) | |

Upon consideration of the parties joint request for entry of a protective order (Filing No. 26) the court enters the following:

THIS Stipulated Protective Order is made by and between Plaintiff Ronnie Reese and Defendant Deere & Company (individually, "party" and collectively, the "parties").

WHEREAS, the parties are in need of discovery in this action in order to prosecute and defend the claims made herein; and

WHEREAS, the parties seek to prevent undue or unwarranted disclosure of confidential personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret and design information and/or materials which may be divulged pursuant to discovery in this action; and

WHEREAS, the parties desire to facilitate discovery and maintain the confidentiality of such information.

NOW, THEREFORE, by stipulation and pursuant to the Federal Rules of Civil Procedure, the parties agree as follows:

1.      Any party may designate and visibly mark as "CONFIDENTIAL" any document, material, or information or group of documents, materials, or information which it in good faith believes contain confidential personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret and/or design information, or any other documents, discovery and answers for which a party chooses to assert confidentiality (the "Protected Information"), and produce such Protected Information without waiving any applicable privilege or ground for objection.  Such designation constitutes a representation by the party that it has a reasonable basis to believe that the Protected Information so designated is, in fact, confidential information appropriate for protection as confidential and that it is entitled to that protection.

2. Any party may designate and visibly mark as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any Protected Data (defined below) or any extremely sensitive Protected Information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

   a. **Protected Data:** "Protected Data" shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (European Union personal information); Data Protection Act 1998 (c. 29) (United Kingdom personal information); the German Federal Data Protection Act (Germany personal information); the Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing of Personal Data (Belgium personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and The Personal Information Protection Act (Law No. 57 of 2003) (Japan personal information).

3. The parties shall not disclose Protected Information designated as "CONFIDENTIAL" except in compliance with the provisions herein and as follows:

   a. To the requesting party and the party's attorneys, employees, and staff;

   b. To the officers, directors, and employees of the requesting party (including in-house counsel) to whom disclosure is reasonably necessary for this litigation;

   c. To experts or consultants retained or employed by the requesting party in connection with this action, but only to the extent deemed by their counsel to be necessary for the proper representation of their clients in this action;

    d.  To court reporters and their staff, professional jury or trial consultants, mock jurors, and other professional vendors to whom disclosure is reasonably necessary for this litigation;

    e.  To witnesses for deposition or trial or in preparation for deposition or trial if counsel has a good faith basis to believe the witness has knowledge of the subject matter of the Protected Information; **such witnesses shall not be sent copies of confidential documents or information, nor may they retain such copies**; and

    f.  To the Court and its personnel;

    g.  To other persons as may be designated by written stipulation of counsel for the designating party; and

    h.  By specific order of the Court.

4.    The parties shall not disclose Protected Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS-EYES ONLY" except in compliance with the provisions herein and as follows:

    a.  To the party's outside attorneys, employees, and staff;

    b.  Designated in-house counsel of the requesting party (1) who has no involvement in competitive decision-making; and (2) to whom disclosure is reasonably necessary for this litigation;

    c.  To experts or consultants retained or employed by the requesting party in connection with this action, but only to the extent deemed by their counsel to be necessary for the proper representation of their clients in this action;

    d.  To court reporters and their staff, professional jury or trial consultants, mock jurors, and other professional vendors to whom disclosure is reasonably necessary for this litigation;

    e.  To witnesses for deposition or trial or in preparation for deposition or trial if counsel has a good faith basis to believe the witness has knowledge of the subject matter of the Protected Information; **such witnesses shall not be sent copies of confidential documents or information, nor may they retain such copies**; and

    f.  To the Court and its personnel;

    g. To other persons as may be designated by written stipulation of counsel for the designating party; and

    h. By specific order of the Court.

5. Unless otherwise permitted by this Protective Order, all Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY": (a) shall **not** be disclosed or used for any purpose other than for prosecuting, defending, or attempting to settle this litigation; (b) shall **not** be disclosed to or used by any third party, unless there is an order of this Court to the contrary; and (c) shall **not** be filed with the Court, as an exhibit, as part of a deposition transcript, pleading, motion, memorandum, or otherwise, unless such matter is filed under restricted access in the manner described in paragraph 12 of this Protective Order (and in accordance with any applicable Case Management Order issued by the presiding judge).

6. Each person given access to Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" **or information derived therefrom** shall be advised that such material and/or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof. All experts, consultants, and witnesses to whom such Protected Information is to be provided shall be required to sign, prior to receiving the Protected Information, an agreement in the form attached hereto as Exhibit "A," which agreement shall be retained by counsel for the party disclosing the Protected Information.

7. Procedures for Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information to designated in-house counsel or experts.

    a. A Party that seeks to disclose to designated in-house counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 4(b) first must make a written request to the designating party that (1) sets forth the full name of the designated in-house counsel and the city and state of his or her residence, and (2) describes the designated in-house counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if designated in-house counsel is involved, or may become involved, in any competitive decision-making.

    b. A Party that seeks to disclose to an expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must

make a written request to the designating party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

c.   A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" information to the identified designated in-house counsel or expert unless, within 14 days of delivering the request, the party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

d.   A party that receives a timely written objection must meet and confer with the designating party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the party seeking to make the disclosure to designated in-house counsel or the expert may file a motion with the Court seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to designated in-house counsel or the expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

8.   When oral information is given at a deposition and when a party's counsel deems that the answer to a question will result in the disclosure of Protected Information as described above:

a. Any party's counsel may state on the record that the documents referred to or the testimony elicited constitutes Protected Information and that the transcript of that portion of the deposition should be filed in the manner prescribed below.

b. Any party's counsel may request that all persons, other than the court reporter, videographer, counsel for the parties, a representative of each party, and the witness, leave the room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for the party's counsel to advise the witness not to answer a question seeking revelation of Protected Information.

c. Any party's counsel may also designate any portion of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such designation shall be made within twenty-one (21) days after receipt of the transcript. All information contained in the transcript shall be deemed Protected Information until the expiration of this twenty-one (21) day period.

9. If the requesting party objects in writing to the designation of any document, information, or portion of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by a designating party, that requesting party shall, after conferring with the designating party's counsel to resolve the dispute, have the burden of filing a motion with the Court for a determination as to whether such material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" within thirty (30) days following service of the document or information bearing the disputed designation, if it elects to at all. Any such motion must be made such that the Court may consider the motion no later than the Pre-trial Conference.

10. Pursuant to and consistent with Federal Rules of Evidence 502(d), if Protected Documents or any other document or information subject to a claim of attorney-client privilege, work-product immunity, trade secret protection, or any other relevant privilege or immunity under relevant case law and rules, production of which should not have been made to any party, is inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, trade secret protection, or any other ground for withholding production to which any party producing the documents or information would otherwise be entitled. In the event that a party discovers that it has received either attorney-client privilege or work-product documents, it will bring that fact to the attention of the Producing Party immediately upon discovery. Any such inadvertently

produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed upon request, and no use thereof shall be made by the party to whom such documents or information were inadvertently produced, except to the extent necessary to present the issues concerning privilege to the Court.

11. Failure to denominate documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in the foregoing manner shall not constitute a waiver by any party of the right to designate the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" if the failure is inadvertent. Counsel, upon notification of the designation, must make timely reasonable efforts to assure the material is treated in accordance with the provisions of this Protective Order.

12. Protected Information shall **not** be filed as a matter of course with the Court, but **only** when necessary for consideration by the Court or trier of fact and deemed by counsel to be necessary for the proper presentation of a pending motion, claim, or defense. Any documents, materials, information, exhibits, answers to interrogatories, responses to requests for admissions, or transcripts of deposition testimony which comprise or contain information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or any pleading, motion, or memorandum purporting to reproduce or paraphrase such Protected Information, shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Protected Information under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions. Nothing in this Protective Order shall restrict the use of any Protected Information at any hearing or the trial of this cause; provided that any party reserves the right to request that the Court utilize appropriate procedures for the protection of Protected Information to prevent public disclosure of Protected Information.

13. In the event any third party seeks discovery of the Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Protective Order from a party hereto (or from an expert or consultant employed by such party), the party from whom the discovery is sought shall give prompt notice to the designating parties by notifying the parties' counsel in writing in order that the party may have an opportunity to intervene in opposition to such discovery.

14. The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions prohibits a Non-Party from seeking additional protections.

15. Upon the decision in this action becoming final, the action being settled, or, should a final decision be appealed by any party to this action, upon the completion of all appeals herein, all Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," including all copies, abstracts, compilations, summaries, memorandums, pleadings, court documents, or transcripts reproducing or capturing any of the Protected Information, shall be, at the election of the producing party, either returned to the party producing such Protected Information at the producing party's expense or destroyed. If the producing party elects to have the receiving party destroy the Protected Information, the receiving party and its counsel shall certify in writing that all Protected Information has been destroyed.

16. Counsel for each party obtaining Protected Information shall maintain and retain all agreements in the form of Exhibit "A" hereto and, for good cause shown, such counsel shall be required to produce such agreements to any other party in the event a reasonable basis exists for the belief that this Protective Order has been violated.

17. Within sixty (60) days after the conclusion of this litigation, counsel for each party shall, at the written request of any other party, provide the requesting party's counsel with a list of all persons who received Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" during the course of this litigation.

18. In the event anyone shall breach or violate, or threaten to breach or violate, any terms of this Protective Order, the designating party may immediately apply to obtain injunctive relief against any such person breaching or violating, or threatening to breach or violate, the terms of this Protective Order. In the event the designating party makes such an application for injunctive relief, the respondent person subject to the provisions of this Protective Order shall not be able to employ as a defense that there is an adequate remedy at law. Any breach or violation of this Protective Order shall subject the responsible person or party to sanctions by the Court. This Protective Order shall not be construed as an exclusive remedy or as a waiver of the designating party's right to seek further redress for a breach of this Protective Order.

19. This Protective Order shall not be construed:

   a. to broaden the permissible scope of discovery in this action;

   b. as a waiver of any party's right to object to the furnishing of discovery;

   c. as an admission by any party that any particular material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; or

    d. to prejudice any party's right to apply to the Court for a Protective Order.

20. Each of the firms and parties named above undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

/s/ Michelle D. Hurley
**Attorneys for Plaintiff**

**Dated: July 8, 2022**
/s/ Rex A. Rezac

    Michelle D. Hurley
    YOST, BAILL LAW FIRM
    220 South Sixth Street
    Suite 2050
    Minneapolis, MN 55402
    (612) 338-6000
    Fax: (612) 344-1689
    Email: mhurley@yostbaill.com
    ATTORNEY FOR PLAINTIFF

**Attorneys for Defendant**

**Dated: July 8, 2022**

    Rex A. Rezac, #17787
    Shay P. Talbitzer, #27437
    FRASER STRYKER PC LLO
    500 Energy Plaza
    409 S. 17th Street
    Omaha, NE 68102
    (402) 341-6000
    rrezac@fslf.com
    stalbitzer@fslf.com
    ATTORNEYS FOR DEFENDANT

**PURSUANT TO STIPULATION, IT IS SO ORDERED**,

Dated: July 21, 2022

                        Cheryl R. Zwart
                        United States Magistrate Judge

# EXHIBIT "A"

NAME:_____

ADDRESS:_____

POSITION: _____

I understand that confidential documents and/or information are being provided and disclosed to me solely for purposes related to Ronnie Reese v. Deere & Company, Case No. 4:21-cv-3282, pending in the United States District Court for the District of Nebraska. I have been advised that such confidential documents and the information contained therein may **not** be disclosed or used for any purpose whatsoever other than in connection with my acting as an expert, consultant, or witness in this case.

I acknowledge receipt of a copy of the Protective Order between the parties in the above-referenced case and I agree to its terms. I have been advised that any unauthorized use or disclosure of such Protected Information may subject me to sanctions by the Court and I submit myself to the jurisdiction of the above-referenced Court with regard to any dispute regarding my use or disclosure of such Protected Information. I will return all Protected Information that comes into my possession to the counsel who provided it to me at the conclusion of this litigation.

Signature: _____

Printed Name: _____

Dated: _____